**FRANK WIESNER, Plaintiff**

**v.**

**WARREN L. TRAFTON, RODGERS P. BRESSI, ALL STAR CORPORATION and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 235-1975

District Court of the Virgin Islands

Div. of St. Croix

November 5, 1975

KENNETH LINDQUIST, ESQ., Christiansted, St. Croix, V.I.,
  *for plaintiff*

J. MICHAEL SPENCER, ESQ., Frederiksted, St. Croix, V.I.,
  *for defendants Warren L. Trafton and Rodgers P. Bressi*

VERNE A. HODGE, Attorney General (Office of the Attorney
  General), St. Thomas, V.I., *for defendant Government
  of the V.I.*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

Plaintiff Frank Wiesner has moved this Court for Summary Judgment, pursuant to Fed. R. Civ. P. 56, in the

above-entitled manner. Upon consideration of his motion, the memoranda of points and authorities in support thereof and in opposition thereto, oral argument of counsel having been heard, and for reasons set forth in the following opinion, it is hereby decided that plaintiff's motion be DENIED.

On March 10, 1969, defendants Bressi and Trafton executed a first priority mortgage in favor of plaintiff Wiesner covering the property situated at 31A and 31B King Cross Street, Christiansted, St. Croix, Virgin Islands. This mortgage was given as security for a pre-existing indebtedness of defendants to plaintiff in the amount of $117,150.00. The mortgage called for semi-annual payments of principal and interest on the 15th day of February and August and contained a standard acceleration clause upon default in the payment of any installment of principal and interest. Finally, the last paragraph of the mortgage agreement provided that the mortgage "may not be changed or terminated orally". It is this last-mentioned clause which underlies the matter in dispute.

Plaintiff filed his initial complaint against defendants Bressi and Trafton on April 1, 1975. He alleged that despite demand on his part defendants failed to make the February 15, 1975 payment, which obligation, as a matter of fact, still remains outstanding. He prayed for a judgment of foreclosure and order directing sale of the property for $33,471.50 plus interest from August 15, 1974, to the date of sale.

On July 15, 1975, this Court granted plaintiff's motion to amend his complaint to reflect the fact that the property which is security for the mortgage had been transferred to the All Star Corporation and was also subject to a constructive tax lien by reason of non-payment of real property taxes for 1972. (However, the exhibit which plaintiff has submitted purporting to show this conveyance relates in

317

fact to the original conveyance of the property from Wiesner to Trafton on November 25, 1968.)

Defendants Bressi and Trafton answered on August 5, 1975, and raised an affirmative defense that there had been an oral modification agreement of the repayment schedule, the effect of which was to delay the payment date until defendant's liquidity problems had abated. Defendants alleged that plaintiff agreed to the modification arrangement just as he had done on several other occasions in the past but subsequently repudiated the agreement due to an adverse position taken by Bressi and Trafton in certain unrelated litigation.

So matters stood until plaintiff filed the instant motion on October 3, 1975. Attached thereto are affidavits by plaintiff and by plaintiff's office manager acknowledging that there was an extension agreement but asserting it was to cover principal repayment only and then only for a period of 30 days. Moreover, it was conditioned upon defendants' immediate payment of the accrued interest which it is alleged, was never paid. Plaintiff and his office manager also averred that the next successive payment under the mortgage became due on August 15, 1975, and that despite registered-mail notice, no payment was ever received. However, since plaintiff has submitted no proof of this additional request and non-payment, his motion must stand or fall upon the February non-payment.

In response to plaintiff's motion for summary judgment, defendants have submitted an affidavit by Rodgers P. Bressi stating that the parties had reached an oral modification agreement, the terms of which provided for *indefinite* suspension of principal repayment provided that interest payments were maintained; that plaintiff breached this agreement because of defendants' adverse position in Bankruptcy Court, Philadelphia; and that defendants have

318

stood and do stand "ready, willing, and able" to comply with the mortgage provisions as *modified*. It is thus apparent that there is a factual dispute over the terms of the oral modification arrangement.

■ Rule 56 provides for the granting of summary judgment whenever there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Accordingly since there is a dispute over a material fact, it is clear that summary judgment cannot be granted.

■■ Plaintiff contends, however, that there can be no factual dispute because the terms of the mortgage agreement specifically prohibited the making of any oral changes or modifications. The answer to this is two-fold. First, having by his own admission agreed to an oral modification, plaintiff is now estopped from relying upon the aforementioned clause. Second, it is well-settled that any written contract, even one containing a modification clause, can be modified by a subsequent oral agreement between the parties—except where the modifying agreement falls within the Statute of Frauds. (See Simpson, Law of Contracts (2nd Ed. 1965), § 95 pp. 189–191.) Moreover, even in situations where the modification agreement falls within the statute, the requirement of a signed writing as a prerequisite to the enforceability of the modification agreement is dispensed with where there has been a change in position in reliance thereupon. (Simpson, § 96, pp. 191–193.)

Accordingly, it is this Court's considered opinion that defendants are entitled to have a jury determine where and if the mortgage was modified, what the terms of the modification were, and whether or not they are in default entitling the plaintiff to foreclosure.

## ORDER

For the foregoing reasons, it is
ORDERED that plaintiff's motion shall be and is hereby
DENIED.